567 So.2d 1015 (1990)
Gary COHEN and Gerri Cohen Helfman, Appellants,
v.
Joyce COHEN, Appellee.
No. 90-964.
District Court of Appeal of Florida, Third District.
October 9, 1990.
*1016 Fine Jacobson Schwartz Nash Block & England and Charles M. Auslander and Joanne M. Rose, Miami, for appellants.
Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman and Alan S. Ross, Miami, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
LEVY, Judge.
Stanley Cohen, the testator, was murdered in March of 1986. His Will was entered in Probate Court and a Request for Notice and Copies was filed by the residual beneficiary under the Will, his wife, Joyce Cohen, who was later convicted for the murder of the testator.
Following the conviction, the alternate residual beneficiaries, Gary Cohen and Gerri Cohen Helfman, filed a motion to strike Joyce Cohen as an interested person and a person entitled to notice. The Probate Court Judge denied the motion based upon his findings that it would be reasonable to delay distribution of the assets of the estate to the beneficiaries pending Joyce Cohen's appeal of her criminal conviction. The probate judge made a further finding that if such distribution was made to the remaining beneficiaries before the conclusion of Joyce Cohen's appeal of her criminal conviction, "... Joyce Cohen would be irreversibly and irreparably harmed ..." The alternate beneficiaries appeal and we reverse.
Although the order entered by the trial court, as well as the record in this case when examined as a whole, clearly reflects that the trial court was attempting to be as fair as possible to all parties by preventing any prejudice (either real or imagined) from befalling any of the parties to the litigation in the trial court, we hold that the probate judge erred in denying the motion to strike the residual beneficiary, who was convicted for the murder of the testator, as an interested person, since the said residuary beneficiary, Joyce Cohen, no longer had any legal interest in the testator's estate pursuant to the provisions of Section 732.802(1), Florida Statutes (1989). The foregoing statutory section applies when a "Final Judgment of Conviction of Murder" is entered against a testamentary beneficiary for intentionally killing the testator. This Court has previously held that the Florida Legislature intended the foregoing language to "mean an adjudication of guilt by the trial court". Prudential Insurance Company of America, Inc. v. Baitinger, 452 So.2d 140, 143 (Fla. 3d DCA 1984). Since Joyce Cohen was adjudicated for murdering the testator herein, the statutory section referred to above applies. The net result of the application of the foregoing statutory language is to treat the convicted residual beneficiary as though she predeceased the testator. Accordingly, with the residual beneficiary now being considered as not having legally survived the testator, the courts must look to the provision of the testator's Will which provides that the residue of the estate passes to the alternate beneficiaries. As a consequence thereof, the convicted beneficiary no longer has any interest in the estate or the litigation involving the estate.
Clearly, it cannot be said that should a distribution be made to the remaining beneficiaries, the beneficiary who had been convicted of killing the testator would suffer irreparable harm in the event that an appellate court should reverse her conviction for the murder. Irreparable harm means harm of a particular or peculiar nature for which compensation, in money damages, cannot make the injured party whole again. If the alternate beneficiaries herein receive a distribution of the assets of the estate and, thereafter, Joyce Cohen were to have had her criminal conviction reversed, thereby entitling her to those monies, then she would be entitled to seek to be compensated for her financial injury, by seeking money damages, through appropriate court proceedings. There is no factual basis in the record of this case, nor any law which could be applied to the facts which are contained in the record of this case, which *1017 could support a finding that Joyce Cohen would be irreparably harmed if the Probate Court Judge were to proceed in a manner consistent with Section 732.802, Florida Statutes (1989), based upon the criminal conviction obtained against Joyce Cohen. Consistent with Florida law, both the Probate Court Judge, as well as this Court, must accept that criminal conviction with the presumption of legal correctness that it carries with it.
For the foregoing reasons, the Probate Court's denial of the alternate residual beneficiaries' motion is reversed, with this cause being remanded to the trial court with directions to grant the said motion.
Reversed and remanded, with directions.
HUBBART, J., concurs.
FERGUSON, Judge (concurring in result only).
I concur in the result because the trial court has delayed distribution of the estate pending the outcome of Joyce Cohen's appeal from her criminal conviction.