PARKER, Acting Chief Judge,
dissenting.
I respectfully dissent. This case affirms a trial court order permitting a woman convicted of murdering her husband to intervene and be heard in the distribution of assets from a civil RICO[2] settlement agreement three years after a probate court order held that this same woman had no legal interest in those assets. The relevant facts are as follows.
Billie Jean Rains was divorced from her husband on September 6, 1983. In the judgment of dissolution, the trial court awarded Rains an equitable lien in Lenny’s Bar in the amount of $9,646.69. The trial court subsequently amended the judgment on September 22, 1983, to provide a specific payment schedule by the husband. Rains and her husband remarried in February 1984. In 1990 Rains was convicted of murdering her husband and sentenced to prison. Rains was released later by executive clemency.
In July 1988, two months after the death of her husband, Rains filed a statement of claim against the estate of her husband and listed as the basis of the claim the equitable lien awarded in the 1983 marriage dissolution. Following an objection which the personal representative filed to the claim and a motion to strike Rains as a beneficiary and interested person entitled to notice, the circuit court in the probate division entered an order, dated October 31, 1990, which stated in part:
ORDERED AND ADJUDGED that the Motion to Strike is granted on the ground BILLIE JEAN RAINS was convicted and adjudicated guilty of 1st degree murder in State of Florida vs BILLIE JEAN RAINS Case No 88-07619 CFANO-D on August 30, 1990 in the Circuit Court in and for Pinellas County, Florida.
Upon the authority of Cohen v. Cohen, 3rd DCA Fla Case No. 90-964, 15 F.L.W. D2518 [567 So.2d 1015 (1990)] and F.S. 732.802(1) BILLIE JEAN RAINS no longer has any legal interest in decedent’s estate.
The order reflected that copies of this order were furnished to the attorney for the estate, Rains’s attorney, and Rains.
Thereafter, Lenny's Bar was sold and the state and the husband’s estate entered into a civil RICO settlement agreement to distribute proceeds of the sale. The circuit court, probate division, entered an order dated October 31, 1990, approving the petition for approval of the settlement, specifically stating:
ORDERED AND ADJUDGED that BILLIE JEAN RAINS has no legal interest in decedent’s estate, having been convicted and adjudicated guilty of 1st degree murder of decedent on August 30, 1990, in Case No 88-07619 Circuit Court, Pinellas County, Florida.
The Court further finds in fact that BILLIE JEAN RAINS was given actual no *1256 tice of hearing on Petition to Approve Settlement dated October 1, 1990, served upon her then attorney John Henninger.
This record does not reflect if the probate court orders were ever appealed.
In November 1993 Rains filed a motion to set aside the order distributing the sale proceeds from the RICO settlement. Rains filed this motion with a circuit judge in a civil division alleging that Rains was not named as a defendant in the settlement proceeding, that Rains is an innocent person who held a valid lien that had priority to the RICO lien, and that failure to name Rains as a defendant and give her notice was due to mistake, inadvertence, excusable neglect, or fraud. Following a hearing, the trial court entered an order declaring Rains to be an intervenor and ordered the state to file an amended pleading setting forth reasons why Rains is not entitled to enforcement of her lien.
I conclude that the trial court abused its discretion. It opened a door slammed shut three years earlier by another circuit judge in the probate division after Rains had filed her claim and the circuit judge’s probate order struck that claim. Once the court struck -Rains’s claim, section 733.705(4), Florida Statutes (1989) provided that Rains had thirty days or a court-approved extension of time from the service of objection to the claim to file an independent action to establish the validity of the claim. If no action was brought within the time permitted under the statute, “any such claim is thereafter forever barred without any court order.” § 733.705(4), Fla.Stat. (1989). I believe that the circuit judge cannot utilize Florida Rule of Civil Procedure 1.540 to reopen a matter litigated in the probate division, with notice to Rains striking her claim, and thereafter grant Rains intervenor status three years later. This affirmance allows Rains to reopen a probate case which the statute specifically has deemed final in all respects. Because I know of no other procedural rules that Rains can use to gain the relief she seeks, I would reverse.

. Racketeer Influenced and Corrupt Organization Act. §§ 895.01-.06, Fla.Stat. (1989).