963 So.2d 892 (2007)
Justin M. BARBER, Appellant,
v.
Patricia G. PARRISH, Appellee.
No. 1D06-5968.
District Court of Appeal of Florida, First District.
August 23, 2007.
Robert Stuart Willis of Willis, Ferebee & Hutton, Jacksonville, for Appellant.
Henry M. Coxe, III, R.H. Farnell, II, and Kevin B. Cook of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellee.
PER CURIAM.
Appellant, Justin Barber, appeals a final judgment which orders the disbursement of insurance proceeds to Appellee. Because we agree that the trial court's adjudication of Appellant's guilt of first-degree murder was final pursuant to section 732.802(5), Florida Statutes (2003), we affirm.
At the time of her death, April Barber had a life insurance policy that named Appellant, her husband, as the primary beneficiary, and her aunt, Appellee, as the contingency beneficiary. Both parties submitted a claim for the insurance proceeds. When he filed his claim, Appellant was under investigation for his wife's murder. *893 The insurance company filed an interpleader complaint against Appellant and Appellee. Pursuant to a court order, the insurance company deposited the proceeds into a bank account pending the court's determination of whether Appellant should be denied entitlement to the proceeds under section 732.802(3), Florida Statutes (2003). This statute expressly provides:
A named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement; and it becomes payable as though the killer had predeceased the decedent.
§ 732.802(3), Florida Statutes (2003).
Thereafter on September 15, 2006, Appellant was adjudicated guilty of the first-degree murder of his wife and was sentenced to life imprisonment. Appellee moved for summary judgment pursuant to section 732.802(5), Florida Statutes (2003), which states that "[a] final judgment of conviction of murder in any degree is conclusive for the purposes of this section." The trial court found that Appellant's conviction was final for the purposes of the statute even though an appeal was pending, granted Appellee's motion for summary judgment, and entered a final judgment directing the proceeds of the insurance policy to be distributed to Appellee.
On appeal, Appellant argues that the trial court erred in granting summary judgment because his conviction cannot be considered final before he has exhausted his appellate rights. This argument has previously been rejected. In Prudential Insurance Company of America, Inc. v. Baitinger, 452 So.2d 140, 141 (Fla. 3d DCA 1984), the insured's husband, who was the primary beneficiary of a life insurance policy, was found guilty of the insured's murder. The probate court entered an order directing the insurance company to pay the policy proceeds to the personal representatives of the insured's estate. Id. The insurance company appealed the order arguing that the husband's conviction could not be considered final due to a pending appeal. Id. at 142. The Third District Court of Appeal examined the legislative intent behind section 732.802 and determined that amendments to the statute demonstrated the Legislature's intent to make it more difficult for a killer to receive a financial benefit for his wrongdoing. Id. at 142-43. It concluded that the term "final judgment of conviction" meant an adjudication of guilt by the trial court, and it affirmed the trial court's order directing the insurance company to pay the proceeds to the personal representatives. Id. at 143. See also Cohen v. Cohen, 567 So.2d 1015, 1016 (Fla. 3d DCA 1990) (holding that irreparable harm would not occur to a primary beneficiary, even if her conviction was reversed on appeal, if the estate was distributed to the remaining beneficiaries because she would be able to seek money damages from those beneficiaries).
We agree with the reasoning of the Third District in its finding that the Legislature intended a trial court's adjudication of guilt to be final for purposes of section 732.802, even if appellate remedies have not been exhausted. We, therefore, conclude that the trial court properly granted summary judgment in favor of Appellee and accordingly affirm the judgment.
AFFIRMED.
BARFIELD, DAVIS, and LEWIS, JJ., concur.